JULES LEVOIS *v.* JAMES GALE, Captain, and owners of Ship R. D. Shepherd.

*The shipper is not bound to disclose the value of the goods, unless asked; but the carrier has the right to inquire, and to have a true answer; and, if deceived, he will not be responsible. If he make no inquiry and no artifice mislead him, he will be responsible for any loss, however great the value of the articles.*

APPEAL from the Sixth District Court of New Orleans, *Leaumont,* J. *George L. Bright* and *J. W. Gurley* for defendants and appellants.

*J. L. Tissot for plaintiff.*—The laws of the port of shipment, not of destination, govern a contract of affreightment. *Hampton* v. *Thaddeus,* 4 M.

584; Hennen's Digest, 1423, No. 1; Felix, Droit International, privé, vol. 1, Nos. 96 et 210.

Connaissement, C. Com. Art. 222. Le capitaine est responsable des marchandises dont il se charge.

Il en fournit une reconnaissance. Cette reconnaissance se nomme connaissement. Ord. 1681, liv. 2, tit. 1, art. 9; C. N. 1782, 1783; C. Com. 281, 293, 420.

Responsabilité, Pardessus, droit commercial, Com. 2, p. 364, No. 541.

Le voiturier doit remettre les objets qu'on lui a confiés à celui de qui il les a reçus, ou à celui qui lui a été indiqué par l'expéditeur, etc.

Lorsqu'il ne remet pas les choses qui lui ont été confiées, il doit les payer, au prix qu'elles valaient au moment où la remise a dû s'exécuter, etc. No. 542.

Le voiturier doit veiller à la conservation des marchandises pendant le voyage, et les rendre dans le même état qu'il les a reçues. C. N. 1782, 1915.

Sa responsabilité commence à l'instant même où elles ont été remises à lui ou à l'un de ses préposés, soit sur le port, soit dans quelque local public dont la surveillance n'appartient ni à l'expéditeur, ni à des personnes dont il répondent. C. N. 1783. Cassation, 19 mars, 1814. C. voyez aussi No. 495; C. N. 1782.

Les voituriers par terre et par eau sont assujettis pour la garde et la conservation des choses qui leur sont confiées, aux mêmes obligations que les aubergistes, dont il est parlé au titre du dépôt et sequestre. L. 1, in pr., 1, 2, 3, 4; C. 1952, 2102, 6, Com. 101, 103, 222; C. pén. 386—4,475—3,476.

C. N. 1983. Ils répondent non seulement de ce qu'ils ont déjà reçu dans leur bâtiment ou voiture, mais encore de ce qui leur a été remis sur le port ou dans l'entrepôt pour être placé dans leur bâtiment ou voiture. C. 1382; C. com. 97, 103.

Boulay Paty, Com. 1, p. 406.

Si le capitaine ne représente pas toutes les marchandises portées au connaissement, il est tenu de payer la valeur de celles non représentées, au prix du lieu de décharge, (market value). Argument tiré de l'article 134 du code de commerce.

Le capitaine est responsable des marchandises et effets des voyageurs qu'il prend à son bord, moyennant un salaire convenu. 7 fév. 1829 Biedfilles; Journal du Palais, 22, 661.

Code de commerce " Du capitaine."

Le capitaine est garant de ses fautes même légères. C. Com. Art. 216, 293, 405, 407, 435, 438.

Il est responsable des marchandises dont il est chargé, Art. 222.

Il en fournit une reconnaissance qui en est la preuve. Art. 281, 293, 420.

Gouget et Mergé, droit commercial, Tom. 2, No. 97.

Le capitaine est tenu d'opérer ou de surveiller le chargement, etc. Les affréteurs ou chargeurs mettent seulement les marchandises sur le quai à la disposition du capitaine.

No. 112. Il opère les acquits de paiement ou à caution des douanes, c'est-à-dire les expéditions constatant soit l'acquittement préalable des

LEVOIS
"
GALE ET AL.

droits de sortie, soit les garanties moyennant lesquelles la sortie est accordée sans paiement des droits.   V. acquit à caution, douanes.

Encyclopédie du droit obligations du capitaine. Tom. 3, p. 383, N. 148, 149, No. 151.

Il est mandataire responsable.

No. 152; déchargement; 156, 157, 158, 164, doit rendre les marchandises telles qu'il les a reçues.

Répertoire du Journal du Palais, vol. 1, p. 819, No. 425, 449, 459, 484, 512, tenu de payer les marchandises perdues.

Granveaux, transports, responsabilité du transport des marchandises, p. 597, No. 12, 13, 14, 15, 18, 23, 24.

Dépôt et séquestre, mêmes obligations.

Troplong, No. 2, commentaire sur C. N. Art. 192, p. 49, No. 64, 65.

C. C. Art. 2722.   Carriers and watermen are subject, with respect to the safe keeping and preservation of the things intrusted to them, to the same obligations and duties, which are imposed on tavern-keepers in the title of deposit and sequestration.

Hennen's Digest, p. 1475.   Ship owners and masters are liable for the whole loss suffered in consequence of non-delivery of the cargo at the place of destination.   1 Mar. p. 39.

They are accountable for the value which will be fairly estimated at the invoice price.   2 N. S. 236.

C. C. 2723.   They are answerable, not only for what they have actually received in their vessel or vehicle, but also for what has been delivered to them at the port or place of deposit, to be placed in the vessel or carriage.

C. C. Art. 2725.   Carriers and watermen may be liable for the loss or damage of the things intrusted to their care, unless they can prove that such loss or damage has been occasioned by accidental and uncontrollable events.

Hennen's Digest, p. 1425, No. 11.   Though a bill of lading acknowledging the goods to be in good order, be open to examination, still its recital cannot be overthrown nor qualified, except by very clear evidence; it cannot be weakened by a conjectured showing.   The policy of the law holds the carrier to a very strict accountability.   6 An. 801; 8 An. 292, p. 1426.

No. 2.   The master is liable for levissema culpa.   11 Martin, 598; 6 An. 410.

No. 6.   Where notice that a ship would not be responsible for jewelry, unless the value were disclosed, is brought home to plaintiff, who, without disclosing the nature or value of articles, intentionally ships them so as to conceal their real character, the owners are not liable.   9 R. 468.

No. 7.   Publication of a notice in one or more newspapers, no matter for how long a time, open intention to be responsible for particular articles, unless their contents and value be disclosed, will not release the carrier.   The notice must be brought home to the shipper.   9 R. 468.

Hennen's Digest, p. 1426.   Where there is no notice or rule, the better opinion seems to be that one sending goods is not bound to disclose their value, unless asked; but the carrier has the right to inquire and to have a true answer; and, if deceived, will not be responsible.   If he make no

inquiry, and no artifice mislead him, he will be responsible for any loss, however great the value of the articles. 9 R. 468.

In cases of common carriers, where there is no notice, the better opinion seems to be, that the party who sends the goods is not bound to disclose their value, unless he is asked. But the carrier has the right to make the inquiry and to have a true answer, and if he is deceived, and a false answer given, he will not be responsible for any loss. If he makes no inquiry, and no artifice is made use of to mislead him, then he is responsible for any loss, however great the value may be. Story's Commentaries on the law of Bailments, § 567; 2 Kent, p. 597, § 40, and the authorities cited by these two eminent authors.

LABAUVE, J. The plaintiff alleges that, on the 19th August, 1859, in Havre, he shipped, and the captain received, on board of said ship, a package, marked T. L. No. 18, containing "watches, music boxes, and articles of jewelry," of the value of $2,415 17; that the ship failed to deliver said package to the consignee, in New Orleans, according to the bill of lading. He prays that the defendants be decreed to pay, *in solido*, for the non-delivery of said box, the sum of $2,415 17.

Defendants answered by a general denial; they further answered, that the box was described in the bill of lading as a package of merchandize, to induce defendants to believe that the box contained merchandize of but little value, and to avoid the payment of freight according to its value, etc.

The District court rendered a judgment for $2,415 17 in favor of plaintiff and against defendants, *in solido*.

The defendants took this appeal.

The following words close the bill of lading: "Dated in Havre, the 19th August, 1859. Contents unknown to. Signed, James Gale."

The defendants contend, in argument, that, as the box contained watches, music boxes, and articles of jewelry, the plaintiff was bound to disclose that fact; and, having failed to do so, the defendants are not responsible.

The rule seems to be settled that the shipper is not bound to disclose the value of the goods, unless asked; but the carrier has the right to inquire and to have a true answer; and, if deceived, he will not be responsible. If he make no inquiry, and no artifice mislead him, he will be responsible for any loss, however great the value of the article. *Baldwin* v. *Collins*, 9 Rob. 468.

Nothing shows that the captain made any inquiry ; he took, then, upon himself the whole responsibility of delivering the articles so shipped, according to his contract, or to show that he was prevented from doing so by *accidental and uncontrollable events*. C. C. Art. 2725. The bill of lading and the admissions show clearly that the captain received the box and its contents; and the testimony, which is very long, and which we have carefully examined, has failed to prove, even by presumptions, that he had delivered said box ; it was incumbent on defendants to make out a clear case in their defence. They have failed to do so.

Judgment affirmed, with costs.